**SANTA CLARA SEEDS, INC.,**
a California Corporation,
Plaintiff–Appellant,

v.

**MUTUAL SERVICE CASUALTY INSURANCE COMPANY,**
Defendant–Appellee.

No. 01–55679.
D.C. No. CV–00–07744–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2002.*

Decided March 11, 2002.

---

9. *See Line Drivers, Pickup & Delivery Local Union No. 81 v. Roadway Express, Inc.,* 152 F.3d 1098, 1099 (9th Cir.1998).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WARDLAW and W. FLETCHER, Circuit Judges, and FOGEL, District Judge.**

### MEMORANDUM***

Appellant Santa Clara Seeds, Inc. ("SCS") appeals the district court's summary judgment against it and in favor of its commercial general liability insurer, Respondent Mutual Service Casualty Insurance Company ("MSI"), in an insurance bad faith action arising out of MSI's refusal to defend SCS against claims asserted in an underlying action brought by Dole Fresh Fruit Company ("Dole"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's decision to grant summary judgment, *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir.2001), and we affirm.

■ The district court properly concluded that MSI had no duty to defend SCS in the underlying action because the claims asserted therein failed to raise a potential for coverage under the MSI policy. Under California law, an insurance company "must defend a suit which *potentially* seeks damages within the coverage of the policy." *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 419 P.2d 168 (1966); *see also Montrose Chemical Corp. v. Superior Ct.*, 6 Cal.4th 287, 295, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993). Even if the underlying complaint does not clearly allege the insured's liability for potentially covered damages, the duty to defend is triggered if the complaint could be amended to allege such liability or if the insurer is aware of facts from another source which suggest the existence of such liability. *Montrose*, 6 Cal.4th at 299–300, 24 Cal.Rptr.2d 467, 861 P.2d 1153. Dole's complaint in the underlying action alleged that it contracted with SCS for the purchase of a superior variety of asparagus seed; that Dole took delivery and planted the seeds; and that when the plants matured Dole realized that it had received an inferior variety of seed. Such claims fall squarely within the MSI policy's exclusion of coverage for damages arising out of misdelivery of seed. Nothing in the Dole complaint or in information presented to MSI indicated any theory of liability which did not involve misdelivery of seed. Accordingly, the district court properly granted MSI's motion for summary judgment.

■ SCS argues here, as it argued before the district court, that the misdelivery exclusion does not apply for two reasons. First, SCS argues that the exclusion does not apply because the seeds in question were not delivered by SCS itself, but rather by a third party, Bonanza Seed. As the district court noted in its order, the exclusion does not specify that misdelivery must

** The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

be performed by the insured—it excludes all property damage arising from any misdelivery of seed. Second, SCS argues that at the time it tendered its defense to MSI a factual question existed as to whether a misdelivery had occurred. The district court noted that the only "fact" referenced by SCS was its bare denial of the misdelivery allegations. An insured's bare denial of allegations clearly falling within a policy exclusion is insufficient, in and of itself, to create a potential for coverage or trigger a duty to defend.

AFFIRMED.